NO. 24-4000

_____

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

_____

ANTHONY BROWN,

Petitioner-Appellant,

v.

LANE COUNTY , ET AL ;

Respondent-Appellee.

_____

On Appeal From the United States District Court for the District of Oregon
Case No. 6:21-cv-01866-AA

Hon. Ann Aiken, United States District Judge

_____

OPENING BRIEF OF
APPELLANT ANTHONY BROWN

_____

Leonard R. Berman, OSB No. 96040
Attorney for Anthony Brown

LAW OFFICE OF LEONARD R. BERMAN
9220 SW Barbur Blvd. Suite 119, Box 180
Portland, Oregon 97219
(503) 516-3715

1 APPELLANT'S OPENING BRIEF

Table of Contents

INTRODUCTION ……………………………………………….5

JURISDICTIONAL STATEMENT ....................................................... 6

1. Subject Matter Jurisdiction of the District Court …................... 7

2. Appellate Jurisdiction ……....................................................... 7

3. The Timeliness of the Appeal ………………………………. 7

STATEMENT OF THE ISSUES ON REVIEW ................................. 8

STATEMENT OF THE CASE ........................................................... 9

1. Nature of the Case, Course of Proceedings and …................... 9
Disposition in the District Court

2. Statement of the Facts ...................................................................9

SUMMARY OF THE ARGUMENT ..................................................... 10

ARGUMENT ...................................................................................11

    I.    Standard of Review ………………………………………11

    II.    The District Court Erred in Dismissing Plaintiff's Dr. Velez Claim Absent Adverse Expert Testimony and With Valid Expert Testimony Creating a Genuine Issue of Material Fact Precluding Summary Judgment………….12

A. Intentional Infliction of Emotional Distress is a valid claim as well…….13

III. The District Court Erred in Dismissing Gent with Plaintiff's Declaration Creating a Genuine Issue of Material Fact Precluding Summary Judgment..14

IV. The District Court Erred in Denying Plaintiff's Motion for Extension of Time to Complete Discovery and Depose Gent, Velez…………………………15

CONCLUSION ................................................................................... 15

STATEMENT OF RELATED CASES.................................................... 16

CERTIFICATION OF COMPLIANCE ................................................ 17

Table of Authorities

Cases Cited

Page

Jeff D. v. Otter, 643 f.3d 278 (9th Cir. 2011) ……………………..15

Casey v. Albertson's Inc., 362 F.3d 1254, 1257 (9th Cir. 2008) …15

Coffey v. Northwestern Hosp. Assoc, 96 Or 100, 183 P 762,(1920)..15

Curtis v. MRI Imaging Services II, 327 Or 9, 956 P2d 960 (1988)...15

Edwards v. Wells Fargo & Co., 606 F.3d 555, 557 (9th Cir. 2010).....8

Fieux v. Cardiovascular & Thoracic Clinic, P.C., 159 Or App 637, 642, 978 P2d 429, rev den, 329 Or 318 (1999) ………………………13

Mayor v. Dowsett, 240 Or 196, 220, 400 P2d 234 (1965) ………..13

Rogers v. Meridian Park Hospital, 307 Or 612, (1989)....................12

Statutes and Other Authorities

Page

U.S. Const. Amend. IV …………………………………………… 3
28 U.S.C. § 1291 ………………………………………………… 4
28 U.S.C. § 1294(1) ……………………………………………… 4
28 U.S.C. §1331 ………………………………………………… 4
28 U.S.C. §1343 ………………………………………………… 4
28 U.S.C. § 1367 ………………………………………………… 4
28 U.S.C. § 1983 ………………………………………………… 5
Fed. R. App. Pro. 4 ……………………………………………… 4
ORS 677.095……………………………………………………… 12

INTRODUCTION

On or about December 29 or 30th , 2019, Dr. Velez wrongfully prescribed a cocktail of psychotropic drugs that plaintiff never took before and put him in a stupor leading to a fall and dislocating his shoulder, and Gent battering him, oblivious or callous to his impaired mental and cognitive state. (ECF# 27 Second Amended Complaint) At no time did Plaintiff treat for seizures or epilepsy. However, on or about December 30-31, per Dr. Velez's orders, he was prescribed and ingested the following seizure and psychotropic drugs for no apparent reason, to wit,divalproex (Depakote), duloxetine (Cymbalta) and escitalopram (Lexapro). Id. Plaintiff believes that these were medications intended for a different patient, and that he suffered from Serotonin Syndrome. Id. The side effects of these medications include dizziness, incoherence, dazed and confused demeanor, odd behavior, muscular rigidity, and non-responsiveness. Id. On or about January 1, 2020, Mr. Brown descended into a five-six day semi-blackout. Id. In the ensuing days and on or about January 1, 2020, Mr. Brown descended into a five-six day semi-blackout, until on or about January 6 from which he has snippets of recollection, and remembers sleeping constantly and being mostly incoherent. Id. During this period he fell three times hitting his head on or about January 1, 2, and 3. in his cell, in the medical-segregation (Med-Seg) unit and in the open dayroom. Id. On or about January 3, 2020, a corrections officer Nathan Gent

dealt violently with a medically-addled, disoriented and physically "non-compliant" Brown, and in the process of subduing him in his cell, getting him into a wheelchair, on the way to the med-seg unit, slammed him to the ground, while acknowledging his medically-induced rigidity and dislocated his right shoulder, and slammed him to the ground grinding his his knee in Brown's neck and back. Id. In his report dated 1-3-23 Gent stated in part, "When I arrived I saw Brown, Anthony laying on his side in 3C06. Brown's eyes were open, but was not responsive to staff...Brown seemed to be disoriented and tensing his muscles….I placed my knee over the top of Brown's thigh in order to keep him from lifting his right leg." Id.T. Newton's contemporaneous report concluded with the statements, "Brown was resistive during the process of putting him in restraints and a wheelchair for transport to medical. Id. The resistance seemed related to his level of disorientation.". Id. At no time did Brown obtain hospitalization or outside treatment, despite requesting transport.Id.

/

/

JURISDICTIONAL STATEMENT

6  APPELLANT'S OPENING BRIEF

1.  Subject Matter Jurisdiction of the District Court

The United States District Court for the District of Oregon had jurisdiction of this action under 28 U.S.C. §1331, federal question jurisdiction, and 28 U.S.C. §1343, civil rights jurisdiction. The District Court had supplemental jurisdiction of plaintiff's state common law claims pursuant to 28 U.S.C. § 1367.

2.  Appellate Jurisdiction

On March 12, 2024, Judge Ann Aiken issued an Opinion and Order granting the Dr. Velez defendants' motion for summary judgment on all claims. (ER3.) The final judgment disposing of all claims with respect to all parties was entered on June 5, 2024. (ER21.) The Ninth Circuit Court of Appeals has appellate jurisdiction pursuant to 28 U.S.C. §§ 1291, 1294(1).

3.  The Timeliness of the Appeal

The Notice of Appeal was filed on June 27, 2024, within the time provided by FRAP 4. (ER-42).

STATEMENT OF THE CASE

1.  Nature of the Case, Course of Proceedings and Disposition in the District Court

This is a prisoner's 42 USCA 1983 case with state claims for medical negligence, battery and intentional infliction of emotional distress. The District

Court dismantled the plaintiff's case piece by piece during a thirty-month period. From the issuance of a Motion to Dismiss *sua sponte* prior to defendants appearing on January 21, 2022 (ECF# 7), to dismissing Wellpath LLC, then dismissing Dr. Velez, then dismissing Nathan Gent in the ensuing years.

## SUMMARY OF THE ARGUMENT

In dismissing plaintiff's claims, the District Court applied the wrong legal and factual standards. The Court failed to recognize the declaration expert testimony of Dr. Mark Baskerville creating a question of fact for a jury, in dismissing Dr. Velez. The Court failed to recognize the declaration testimony of Mr. Brown in disputing the location of the incident and video, and his injuries creating a question of fact for a jury, in dismissing Nathan Gent. The medical negligence and Eighth Amendment Claim are ripe for *res ipsa* analysis and treatment. All the court rulings are suspect as they are examples of arbitrary and capricious and abuse of discretion findings of fact and law and should be reversed.

## ARGUMENT

### I.     Standard of Review

The district court's order granting summary judgment is reviewed de novo, viewing the evidence and drawing all reasonable inferences in the light most

favorable to the non-moving party. Edwards v. Wells Fargo & Co., 606 F.3d 555, 557 (9th Cir. 2010).

## II. The District Court Erred in Dismissing Plaintiff's Dr. Velez Claim Absent Adverse Expert Testimony and With Valid Expert Testimony Creating a Genuine Issue of Material Fact Precluding Summary Judgment

The Court cited :

Described above, there is no evidence that Dr. Velez violated any standard of care in prescribing plaintiff's medications. Plaintiff has not produced any evidence to the contrary. Defendant's evidence is that he did not prescribe medications to plaintiff that were intended for some other person; that he was not at any point negligent; that he did not cause plaintiff any foreseeable, serious emotional distress; and, that plaintiff has not been harmed or incurred any damages caused by defendant. Accordingly, summary judgment is granted to defendant. (Last page of Order of June 5, 2024, ER-16)

Yet Dr. Mark Baskerville's Declaration (ER-39) expressly states:

4. Divalproex is an anticonvulsant. Doxepin is a tricyclic antidepressant. Escitalopram is a selective serotonin reuptake inhibitor. Trazadone is a serotonin receptor antagonist and reuptake inhibitor. Simply in isolation, each one of these medications can cause somnolence, dizziness, and incoordination. In combination, particularly if administered simultaneously, the sedating effect is addictive and

likely synergistic. In general, a practitioner should prescribe the lowest effective dose to avoid these potentially dangerous adverse effects.

5 According to the medication log, on December 24th 2019, Dr. Alfredo Velez prescribed divalproex 500 mg twice per day and trazadone 150 mg at bedtime. Then, on December 31st 2019, Dr. Valez prescribed an additional 500 mg of divalproex to be taken at bedtime, as well as, escitalopram 10 mg daily and doxepin 25 mg to be taken at bedtime.

6. Dr. Velez prescribed trazadone and divalproex at doses well above the generally-accepted starting doses, despite Mr. Brown being naïve to these new medications, as well as, taking several of them simultaneously. None of these prescriptions were written as PRN (as needed).

7. To a reasonable degree of medical probability, (1) prescribing the wrong medication to Mr. Brown clearly fell below the community standard of care; and (2) if Dr. Velez intended to prescribe those medications (divalproex, doxepin, escitalopram, trazadone) at those doses without a surveillance system to promptly recognize foreseeable adverse effects - such as excessive somnolence, confusion, lethargy, and ataxia - then his medical care / prescribing for Mr. Brown also fell below the community standard of care. ER-42.

    Hence there was evidence of Dr. Velez's medical prescribing protocol falling "below the community standard of care."  Were defendant Velez to believe

otherwise, he could and should have presented a medical expert to corroborate and laud his prescribing expertise as to Brown. Neither the Court nor Velez proffered a single medical opinion to refute Dr. Baskerville's negative opinion. Hence, Dr. Velez should not have been dismissed from the suit for medical negligence and Eighth Amendment violations. No statutes nor case law presented to the court by defendants nor cited by the Court indicates that non-medical professionals can refute medical testimony in a court of law, nor critique or invalidate their level and quantity of document inspection. That is impermissible weighing of the evidence by non-experts. This is more than a "mere scintilla " of evidence. This court should correct that error here.

Further, the Medical Malpractice Standard Was Breached By Dr. Velez. Dr. Baskerville declared that Dr. Velez breached the community standard of care. Neither defendants nor the Court proffered a single expert opinion to the contrary .Hence Summary judgment should have been denied and precluded.

Medical malpractice cases are "nothing more than negligence actions against medical professionals. The fundamental issue in these cases, as in all negligence cases, is whether the defendant breached the standard of care and caused injury to the plaintiff." Rogers v. Meridian Park Hospital, 307 Or 612, 619-20, 772 P2d 929 (1989). Since 1975, a physician's duty of care has been codified in ORS 677.095, which now provides as follows:

11  APPELLANT'S OPENING BRIEF

"A physician licensed to practice medicine or podiatry by the Oregon Medical Board has the duty to use that degree of care, skill and diligence that is used by ordinarily careful physicians in the same or similar circumstances in the community of the physician or a similar community."

Here, there is ample evidence of the conduct of Velez falling below the standard of care. See Baskerville declaration (ER-42)The Medical Malpractice Claim should Have Survived as well. In a medical malpractice case, as other contexts, when the plaintiff does make a showing that the harm more probably than not would not have occurred in the absence of the defendant's negligence, res ipsa loquitur applies. Mayor v. Dowsett, 240 Or 196, 220, 400 P2d 234 (1965) (I)n a medical malpractice case where the plaintiff had presented expert testimony that "the injury suffered by the plaintiff is one that does not ordinarily occur in the absence of negligence"); Fieux v. Cardiovascular & Thoracic Clinic, P.C., 159 Or App 637, 642, 978 P2d 429, rev den, 329 Or 318 (1999) (the plaintiff met his burden to rely on res ipsa loquitur, even absent expert testimony regarding the standard of care, because "it is within the capability of a jury to ascertain that a clamp is not normally left inside a patient unless someone was negligent").
A. Intentional Infliction of Emotional Distress is a valid claim as well

**A. Intentional Infliction of Emotional Distress is a valid claim as well**

Dr. Velez failed to properly dispense medicine and monitor his patient closely leading to physical and emotional injuries. In addition, it is implicit from this court's decision in Coffey v. Northwestern Hospital Association, 96 Or 100, 183 P 762, on reh'g, 96 Or 113, 115-16, 189 P 407 (1920), and more explicit from this court's decision in Curtis v. MRI Imaging Services II, 327 Or 9, 956 P2d 960 (1988), that distress—both physical and emotional—directly and foreseeably attributable to negligence involving diagnosis and treatment of a patient is recoverable under a loss-of-chance theory. In Coffey, this court held that the plaintiff was entitled to seek recovery of her damages for both mental and physical pain and suffering she experienced due to the defendant's failure to promptly provide surgical services. 96 Or at 115-18. See also Curtis, 327 Or at 15 (permitting the plaintiff to recover for psychological harm). Accordingly, plaintiff may recover for both physical and emotional damages.

Here, Mr. Brown is also entitled to recover for both physical and emotional damages due to defendants' malfeasance.

Here, absent negligent prescribing and monitoring of Brown, his incoherence, falls, battery by Gent and injuries would not have occurred. A district court abuses its discretion when: · District court does not apply the correct law or rests its decision on a clearly erroneous finding of a material fact.See Jeff D. v. Otter, 643 f.3d 278 (9th Cir. 2011) (citing Casey v. Albertson's

Inc., 362 F.3d 1254, 1257 (9th Cir. 2004)). Here, the Court abused its discretion in ignoring expert testimony and not requiring opposing expert testimony, in dismissing claims for which many questions of material fact remain.

### III. The District Court Erred in Dismissing Plaintiff's Gent Battery Claim While Questions of Fact Existed

The existence of the Declaration of Aaron Brown as to Gent liability should have caused a question of fact for a Jury and precluded Summary Judgment The Declaration of Aaron Brown ( ECF #58, ER- 38) asserted that Gent assaulted him and that the video in evidence did not reflect footage of the cell where the assault occurred. This should have created a question of fact for a trial and precluded Summary Judgment.

### IV. The District Court Erred in Denying Plaintiff's Motion for Extension of Time to Complete Discovery and Depose Gent, Velez

Plaintiff's counsel, a solo practitioner , has chronic, severe illnesses documented in his existing Motions with Ninth Circuit . It was an abuse of

discretion not to extend discovery one more time to allow time to schedule deposition of Gent and Velez, in the interest of justice.

**CONCLUSION**

In conclusion, the trial court abused its discretion in dismissing all of plaintiff's claims wrongfully. Accordingly, and for all the reasons set forth above, plaintiff respectfully requests that this Court reverse the judgment dismissing plaintiff's claims and remand the case to the district court for further proceedings.

DATED this 14th day of November, 2024.

S//S Leonard R. Berman

Leonard R. Berman, OSB #96040

Attorney for Petitioner/Appellant

15  APPELLANT'S OPENING BRIEF

STATEMENT OF RELATED CASES

Appellant is not aware of any "related cases" (as defined in Circuit Rule 28-2.6) pending in this court.

DATED this 14th day of November, 2024.


S//S Leonard R. Berman

Leonard R. Berman, OSB #96040

Attorney for Petitioner/Appellant

CERTIFICATION OF COMPLIANCE

PURSUANT TO FRAP 32(a)(7)(C) AND CIRCUIT RULE 32-1

FOR CASE NUMBER 24-000020

I certify, pursuant to FRAP 32(a)(7)(C) and Circuit Rule 32-1, that the attached Opening Brief of Appellant Anthony Brown is proportionately spaced, has a typeface of 14 points or more, and contains 2784 words based on the word processing system used to prepare the brief.

DATED this 14th day of November, 2024.

S//S Leonard R. Berman

Leonard R. Berman, OSB #96040

Attorney for Petitioner/Appellant